IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DEVIN L. COLEMAN, :
:
    Plaintiff, :
:
    v. : Civ. No. 19-696-CFC
:
OFFICER MICHAEL Q. STANFORD :
and OFFICER KRISTENE M. BRADY- :
DOWNES, :
:
    Defendants. :

---

Devin L. Coleman, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 28, 2019
Wilmington, Delaware

CONNOLLY, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Devin L. Coleman ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) He also seeks injunctive relief. (D.I. 7) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

Plaintiff has a painful light sensitivity eye condition that requires darkening glasses. Plaintiff alleges that on May 16, 2018, Connections, the medical service provider at the JTVCC, issued a medical memo prescribing Plaintiff's indoor use of sunglasses purchased from the prison commissary. (D.I. 3 at 5) The memo was issued April 16, 2018 and expired April 16, 2019. (*Id.*) The medical memo was forwarded to security staff and signed by the JTVCC deputy warden. (*Id.*)

On September 12, 2018, Plaintiff was issued a disciplinary report for violation of the dress code. (*Id.*) A hearing was held and Plaintiff was found guilty. (*Id.*) Plaintiff appealed and the guilty finding was reversed on the basis that "inmate has medical memo for solar shields." (*Id.* at 5)

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

On March 25, 2019,[2] Defendant Correctional Officer Kristene M. Brady-Downes ("Brady-Downes") issued Plaintiff a disciplinary report for lying and failing to obey an order for wearing commissary sunglasses indoors. (*Id.*) Plaintiff alleges that he explained that he had two medical memos; one issued October 19, 2018 for solar shields provided by Connections and one for wearing commissary sunglasses due to extreme light sensitivity. (*Id.*) Brady-Downes allegedly called Nurse Amy who told Brady-Downes there was no memo for Plaintiff to wear commissary sunglasses. (*Id.*) Plaintiff was found guilty and his sunglasses were seized. (*Id.*) Plaintiff alleges he was in pain from the fluorescent lights located throughout the prison. (*Id.*) Plaintiff alleges that he was taken to an eye doctor in 2019 and doctors ordered the continuation of frequent eyedrops and wearing shades at all times. (*Id.*)

On April 1, 2019, Plaintiff received a disciplinary write-up from Defendant Correctional Officer Michael Q. Stanford ("Stanford") for wearing sunglasses. (*Id.*) When Stanford asked Plaintiff to remove the sunglasses, Plaintiff explained they were prescribed by medical and Stanford again told Plaintiff to remove the glasses. (*Id.*) Another officer told Stanford that Plaintiff had a medical memo and Nurse Amy specifically told Stanford that Plaintiff had a medical memo for the wearing of commissary sunglasses that did not expire until April 16, 2019. (*Id.* at 6-7). Stanford ordered Plaintiff to remove the glasses and told Plaintiff he was writing him up. (*Id.* at 7).

Plaintiff alleges that he has two medical memos for solar shields, but he uses the commissary shades because they make things darker than the solar shields provided

---

[2] The Complaint states the disciplinary report was issued on March 25, 2018, but other filings indicate the disciplinary report was issued on March 25, 2019 — not 2018.

by medical. (*Id.*) He alleges that both Defendants knew of the medical memos and both had access to medical staff and the shared medical drive. (*Id.*) Plaintiff alleges that he pleaded with both Defendants not to write him up due to the fact that he would no longer be able to wear glasses without continually receiving write-ups for violation of prison rules. (*Id.*) Plaintiff alleges Defendants wanted to cause him pain. (*Id.*)

He seeks compensatory and punitive damages. (*Id.* at 8)

## III. SCREENING OF COMPLAINT

### A. Legal Standards

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and

§ 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as

4

true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

B.  Discussion

Plaintiff alleges that he received disciplinary write-ups for the possession of health-related objects (*i.e.*, sunglasses) that were prescribed by the medical provider. To the extent Plaintiff alleges that disciplinary reports were false, the claim will be dismissed because "mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a [constitutional] claim." *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002); *Thomas v. McCoy*, 467 F. App'x 94, 96 (3d Cir. 2012).

To the extent Plaintiff alleges deliberate indifference to his serious medical needs, the claims may proceed against Defendants. The Eighth Amendment's prohibition against cruel and unusual punishment obligates jail authorities to provide medical care to inmates. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The deprivation must be objectively sufficiently serious, and the defendant must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 834, 837.

To satisfy the objective element of a medical claim, the inmate must assert facts showing that the medical need "has been diagnosed by a physician as requiring treatment or is . . . so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (citations omitted). The subjective element requires an inmate to show that each defendant acted with deliberate indifference to his serious medical need. Deliberate indifference requires more than mere negligence or lack of due care. *Farmer*, 511 U.S. at 835. To allege deliberate indifference, the plaintiff must demonstrate that the defendant was "subjectively aware of the risk" of harm to the plaintiff. *Farmer*, 511 U.S. at 828. The plaintiff must allege acts or omissions that are sufficiently harmful to offend "evolving standards of decency." *Estelle*, 429 U.S. at 106.

"Where prison authorities deny reasonable requests for medical treatment . . . and such denial exposes the inmate to undue suffering or the threat of tangible residual injury, deliberate indifference is manifest." *Monmouth Cnty. Corr. Inst. Inmates*, 834 F.2d at 346 (internal citations omitted). Similarly, "where knowledge of the need for medical care is accompanied by the intentional refusal to provide that care, the deliberate indifference standard has been met." *Id.* (internal citations omitted). Deliberate indifference is also "demonstrated when prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment." *Id.* at 347.

According to the Complaint, Plaintiff claims that he was punished for wearing medically authorized glasses, that the glasses were taken from him, and that Defendants were aware there were medical memos authorizing the use of the glasses at issue. Liberally construing Plaintiff's allegations as the Court must, they suffice to state medical needs claims against Defendants.

## IV. INJUNCTIVE RELIEF

Plaintiff seeks injunctive relief to enjoin Defendants and all other persons from interfering with Plaintiff's medical treatment plan as prescribed by Connections' physicians including "not abridging any medical memo authorizing use of glasses, sunglasses, solar shields, and any other prescribed eye protections." (D.I. 7 at 1-2) Plaintiff has filed several supplements, all of which have been considered by the Court. (*See* D.I. 8, 10, 11, 12) Because Defendants have not yet been served, the Court ordered JTVCC Warden Metzger ("Metzger") to respond to the motion, and he timely filed a response. (D.I. 15)

### A. Legal Standards

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995))

### B. Discussion

Plaintiff has lagophthalmos, a condition that prevents both eyes from fully closing and he had been treated for this condition which causes extreme sensitivity to light. (D.I. 15-2 at ¶ 4) As discussed above, Plaintiff has been issued several disciplinary reports for wearing sunglasses and/or solar shields indoors. Plaintiff contends the sunglasses are medically necessary and that the medical service provider has authorized the indoor

use of sunglasses. Plaintiff seeks to preclude Defendants and others from interfering with the medically necessary sunglasses.

Metzger explains that disciplinary reports were issued Plaintiff because he wore sunglasses and/or solar shields indoors when he was only authorized to wear them outdoors. (D.I. 15-2 at ¶ 6-7, Matthew Wofford Decl.) He also explains that Plaintiff wore sunglasses and not the medically prescribed solar shields indoors. (*Id.*) Metzger provided documentation that a medical memo issued on April 22, 2019 that expanded the medical authorization to sunglasses as well as solar shields for both indoor and outdoor usage through October 22, 2019. (D.I. 15-2 at ¶ 9; D.I. 15-5)

Inasmuch as the current medical memo allows Plaintiff to wear solar shields or commissary sunglasses for indoor and outdoor use through October 22, 2019, injunctive relief may not issue. "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). Because there are currently no restrictions on the type of glasses or locations where they may be worn, it is impossible for Plaintiff to suffer irreparable harm. Nor does the record reflect that there is the likelihood of success on the merits with regard to the instant motion. Therefore, the Court will deny Plaintiff's motion for injunctive relief and request for hearing on the matter. (D.I. 7, 12)

## V. CONCLUSION

For the above reasons, the Court will: (1) allow Plaintiff to proceed with the medical needs claims against Defendants and dismiss all other claims as legally

frivolous pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1); and (2) deny as moot Plaintiff's motion for injunctive relief and request for hearing. (D.I. 7, 12)

An appropriate order will be entered.