# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

DEVIN L. COLEMAN, :
:
    Plaintiff, :
:
    v. : Civ. No. 19-696-CFC
:
OFFICER MICHAEL Q. STANFORD :
and OFFICER KRISTENE M. BRADY- :
DOWNES, :
:
    Defendants. :

---

Devin L. Coleman, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Stuart B. Drowos, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

## MEMORANDUM OPINION

March 25, 2020
Wilmington, Delaware

*signature* CONNOLLY, U.S. District Judge:

I. INTRODUCTION

Plaintiff Devin L. Coleman ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 5) Pending are numerous motions and requests filed by Plaintiff. (D.I. 30, 33, 40, 55, 58, 59, 63, 64, 67, 72, 87, 88)

II. BACKGROUND

Plaintiff has a painful light sensitivity eye condition that requires darkening glasses. His allegations are fully set forth in the Court's June 28, 2019 Memorandum Opinion and Order. (*See* D.I. 19, 20) The matter proceeds on an Eighth Amendment medical needs claim. Plaintiff claims that he was punished for wearing medically authorized glasses, the glasses were taken from him, and Defendants were aware there were medical memos authorizing the use of the glasses at issue. Plaintiff alleges that he received disciplinary write-ups for the possession of health-related objects (*i.e.*, sunglasses) that were prescribed by the medical provider.

Plaintiff previously sought, and was denied, injunctive relief. (*See* D.I. 7, 19, 20) On October 21, 2019, Plaintiff filed a second motion for injunctive relief and an additional request for injunctive relief. (D.I. 30, 67) He has also filed a request for counsel (D.I. 33), a motion and request regarding depositions and subpoenas (D.I. 40,

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

87), motions for orders to show cause (D.I. 58, 59), requests for hearings (D.I 63, 64), and a motion to compel (D.I. 72).

## III. MOTION FOR INJUNCTIVE RELIEF

On October 21, 2019, Plaintiff filed a second motion for injunctive relief regarding a medical memo and authorization to allow him to wear medically prescribed and issued solar shields or ordinary sunglasses. (D.I. 30) While not clear, Plaintiff seems to indicate the current medical memo has expired or will be expiring in April 2020. Plaintiff also complains about disciplinary reports issued him in September 2018, March 2019, and April 2019 for wearing sunglasses indoors even though a medical memo authorized the wearing of the glasses. (*Id.*) In supplemental filings, Plaintiff complains that his sunglasses were taken by unnamed prison staff on January 21, 2020, even though they were medically authorized and that he was without his glasses for two weeks. (D.I. 65, 67) Plaintiff does not indicate who took his glasses. (*Id.*) He asserts taking glasses could have caused him harm and permanent injury. (D.I. 67)

### A. Legal Standards

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated

as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

B. **Discussion**

Plaintiff has lagophthalmos, a condition that prevents both eyes from fully closing and has been treated for this condition which causes extreme sensitivity to light. (D.I. 15-2 at ¶ 4) As discussed above, Plaintiff has been issued several disciplinary reports for wearing sunglasses and/or solar shields indoors. Plaintiff contends the sunglasses are medically necessary and that the medical service provider has authorized the indoor use of sunglasses.

Defendants respond that Plaintiff provides little new information in his motion for injunctive relief. Defendants provided documentation that a medical memo issued on October 14, 2019 that was approved on November 18, 2019, and that provides for indoor and outdoor wear of solar eye shields and commissary sunglasses until October 14, 2020. (D.I. 52-1 at 2)

Inasmuch as the current medical memo allows Plaintiff to wear solar shields or commissary sunglasses for indoor and outdoor use through October 14, 2020, injunctive relief may not issue. "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI*

3

*Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). Because there are currently no restrictions on the type of glasses or locations where they may be worn, it is unlikely that Plaintiff will suffer irreparable harm. The Court takes note that Plaintiff's glasses were recently confiscated. However, the individuals who took the glasses are not named and the glasses were returned. In addition, Plaintiff merely speculates that injury could have occurred. The Court finds it unfortunate that prison employees are not recognizing the medical memo issued to Plaintiff. Nonetheless, the unnamed prison employees are not parties to this action and the record does not reflect that there is the likelihood of success on the merits with regard to the instant motion. Therefore, the Court will deny Plaintiff's second motion for injunctive relief. (D.I. 30)

## IV.  REQUEST FOR COUNSEL

Plaintiff appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. He requests counsel on the grounds that the case is complex, expert testimony may be required, discovery will be extensive and witness depositions will be necessary, the prison does not allow inmates to possess medical files, Plaintiff has limited law library access, his ability to investigate the matter is impeded by his incarceration, and his eye condition makes it difficult to read documents and books. (D.I. 33)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d

---

[2]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

4

Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. A review of the Complaint indicates that the issues are not complex. They concern medical memos, medically prescribed sunglasses, and disciplinary reports issued to Plaintiff. Also, Plaintiff's filings demonstrate his ability to articulate his claims and represent himself. In addition, the Court can address discovery issues through motions filed by Plaintiff. Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew. (D.I. 33)

## V. MOTION AND REQUEST FOR DEPOSITIONS AND SUBPOENAS

Plaintiff has filed a motion for witnesses' depositions by audiovisual/taped recording to take place at JTVCC. (D.I. 40) Plaintiff explains that he is indigent and does not have the money to pay for stenographic depositions. Plaintiff indicates that he would like to depose three witnesses and the two Defendants. (*Id.* at 3) He also asks the Court to issue subpoenas for the individuals to be deposed. In addition, Plaintiff asks the Court to issue a subpoena to Connections, the prison medical service provider, so that he may obtain his medical records. (D.I. 87)

As a *pro se* litigant, Plaintiff has the ability to conduct his own discovery. Although incarcerated he may serve written interrogatories, document requests, and requests for admissions. The Court docket reflects that Plaintiff is actively engaged in the discovery process. (*See* D.I. 44, 45, 50)

Plaintiff seeks to impose a number of conditions in the manner in which the depositions will be conducted that are contrary to the Federal Rules of Civil Procedure. And, while Plaintiff seeks to take depositions in a cost effective manner, there are costs associated with the taking of deposition, and the Court does not pay for discovery costs on behalf of a *pro se* litigant. *See Tabron*, 6 F.3d at 159 ("There is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.")

In addition, case law reflects that numerous courts have recognized the limitations of federal courts to relieve indigent litigants from the costs of discovery or litigation of claims. *See, e.g., Brooks v. Quinn*, 257 F.R.D. 415, 417 (D. Del. 2009)

("Although plaintiff is proceeding *in forma pauperis*, the court has no authority to finance or pay for a party's discovery expenses. . . . It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition."); *Augustin v. New Century TRS Holding, Inc.*, 2008 WL 5114268, at *2–3, 2008 U.S. Dist. LEXIS 96236 at *7-9 (W.D. Pa. Nov. 25, 2008) (denying plaintiff's IFP application to cover costs for discovery requests); *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (28 U.S.C. § 1915 does not require the government to advance funds for deposition expenses); *Toliver v. Community Action Comm'n to Help the Econ.*, 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for IFP plaintiff); *Sturdevant v. Deer*, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (concluding that 28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); *Ebenhart v. Power*, 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether [28 U.S.C. § 1915] authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.").

Plaintiff cannot depose parties or non-parties without paying for the costs associated with conducting depositions that include court reporter fees and costs of transcripts. In addition, Plaintiff cannot depose a non-party without issuing a subpoena to compel his or her attendance, *see* Fed. R. Civ. P. 45, and an inmate proceeding *in forma pauperis* in a civil action may not issue subpoenas without paying the required fees. *See Pedraza v. Jones*, 71 F.3d 194, 196 n.4 (5th Cir. 1995); *Fernandez v. Kash N'Karry Food Stores, Inc.*, 136 F.R.D. 495, 496 (M.D. Fla. 1991) (witness and mileage fees required to be paid by indigent plaintiff).

As Plaintiff acknowledges in his motion, he does not have the ability to pay the fees associated with conducting depositions. Therefore, the Court will deny the motion

without prejudice. (D.I. 40) Plaintiff may renew the motion upon a showing of his financial ability to pay for the costs associated with conducting depositions and fees associated when serving subpoenas.

Plaintiff raises medical needs claims and seeks issuance of a subpoena to obtain his medical records. (D.I. 87) As just discussed, there are fees associated once a subpoena is issued, and Plaintiff's request will be denied at this time. In their response to Plaintiff's request for production of documents No. 4, Defendants state that they "(by and through their undersigned counsel), will continue to use due diligence to obtain whatever portions of Plaintiff's medical records requested for the noted time period as may be released or provided to counsel and forward Bates-stamped copies of same to Plaintiff following receipt and review by Defendants' counsel." Defendants shall advise the Court if the foregoing medical records have been provided Plaintiff.

## VI. MOTIONS FOR ORDERS TO SHOW CAUSE

Plaintiff has filed two motions for the Court to enter orders to show cause on the issue of interference with Plaintiff's legal mail and/or the failure to defense counsel to provide him service copies of filings. (D.I. 58, 59) Plaintiff also complains that prison personnel did not place postage on his legal mailings.

At this juncture, the Court declines to issue show cause orders. However, counsel for Defendants shall confer with Plaintiff to verify what, if any, defense filings Plaintiff did not receive. In addition, in the future, Plaintiff shall advise the Court if any deadlines **in this action** are missed as a result of the failure of prison personnel affix postage to Plaintiff's legal mail. The motions will be denied. (D.I. 58, 59)

## VII. REQUESTS FOR HEARINGS

On January 21, 2020, Plaintiff was transferred to an isolation cell and, since then, he has been denied law library access and has had no responses to his requests to law library personnel for legal research requests, all of which impede his ability to prosecute this case.

Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). Plaintiff's claim that he is not being provided any law library access or legal assistance causes some concern. Therefore, defense counsel will be ordered to report to the Court what, if any, type of law library assistance is currently provided Plaintiff. The Court declines to hold a hearing on the matter and will deny the motion for hearings. (D.I. 63, 64)

## VIII. MOTION TO COMPEL

Plaintiff's request for production of documents served upon Defendants is dated December 30, 2019. (D.I. 44) However, the discovery request does not appear on the Court docket until January 6, 2020. Defendants responded to the discovery request on February 5, 2020. (D.I. 66) Plaintiff moves to compel on the grounds that Defendants objected to the entire request in an untimely manner and, therefore, have waived any objections. (D.I. 72) The Court considers the docketing of the discovery requests and responses and finds the responses timely.

Pursuant to Fed. R. Civ. P. 16, ["p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action,

the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Plaintiff's allegations revolve around his eye condition and medical memos issued him for solar shades and/or sunglasses, as well as disciplinary write-ups he received for the possession of health-related objects (*i.e.*, sunglasses) prescribed by the medical provider. Plaintiff contends the information he requests is within the scope of discovery and many of the documents cannot be provided him due to his inmate status. For some requests, Defendants objected, but also answered the requests or indicated that Defendants would attempt to obtain information even though it was not within their possession. (*See* D.I. 69 at Document Resp. Nos. 1, 2, 4, 6, 7) Other discovery requests were properly objected to due to security concerns, confidentiality, relevancy, not within the possession or control of Defendants, or the information does not exit. (*See* id. at Document Resp. Nos. 3, 5, 8, 9) The Court has reviewed Plaintiff's requests for documents as well as Defendants' responses and finds that Defendants' objections are well-taken and responses adequate. Therefore, Plaintiff's motion to compel will be denied. (D.I. 72)

## IX. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff motion for injunctive relief and additional request (D.I. 30, 67); (2) deny without prejudice to renew Plaintiff's request for counsel (D.I. 33); (3) deny without prejudice to renew upon a showing of

financial of the ability to pay for deposition costs, Plaintiff's motion regarding depositions and requests for subpoenas and order Defense counsel to indicate what, if any, medical records they have provided Plaintiff (D.I. 40, 87); (4) deny Plaintiff's motions for orders to show cause (D.I. 58, 59) and requests for hearings (D.I. 63, 64); (5) order Defense counsel to report to the Court what, if any, type of law library assistance is currently provided Plaintiff; and (6) deny Plaintiff's motion to compel (D.I. 72).

An appropriate order will be entered.