IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEVIN L. COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER MICHAEL Q. STANFORD, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>) Civ. Action No. 19-696-CFC<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

At Wilmington this Eleventh day of May in 2021, having considered Plaintiff's requests for counsel and discovery motions (D.I. 132, 141, 149);

IT IS ORDERED as follows:

1. **Introduction.** Plaintiff was incarcerated at the James T. Vaughn Correctional Center when he commenced this action on April 17, 2019. (D.I. 3) In June 2020, Plaintiff was released and began serving conditional release for his possession of a firearm by a person prohibited conviction and probation for his other convictions. *See Matter of Petition of Coleman*, 2021 WL 79756, at *1, 245 A.3d 925 (Del. 2021) (table). On July 23, 2020, an administrative warrant was filed for Plaintiff's violation of his conditional release and probation; the violation report alleged that Plaintiff had committed new crimes by possessing two loaded firearms; and, in September 2020, a grand jury indicted him for multiple weapon charges, including possession of a firearm by a person prohibited. *Id.* On August 19, 2020, Plaintiff informed the Court that he was reincarcerated at Howard R. Young Correctional Institution (HYRCI) and asked for a copy of the court docket. (*See* D.I. 124) Plaintiff

1

was provided a free copy of the court docket and was advised that the fee for copies, including docket sheets, is 50 cents per page. (D.I. 125)

2. **Discovery.** Prior to his June 2020 release, Plaintiff submitted numerous discovery requests upon Defendants. In response, Defendants produced over 1,900 pages of discovery. (See D.I. 68, 69, 75, 92, 93, 95, 96, 123) On November 21, 2020, Plaintiff filed a combined request for (1) counsel, (2) an order requiring that he be given law library access, and (3) an order compelling Defendants to provide him "copies of every document disclosed pursuant to discovery request relating to this case, including but not limited to motions filed, court orders, etc." (D.I. 132, 133) He filed a similar motion on February 4, 2021. (D.I. 141) Plaintiff explained that the documents he requested are no longer in his possession since he was reincarcerated because the documents were not in his possession upon his arrest. (D.I. 132, 152) Plaintiff seeks "disclosure" of the documents within thirty days. (D.I. 132, 141) He also seeks a hearing on the issue. (D.I. 138, 141) Plaintiff states that he cannot adequately respond to Defendants' summary judgment motion without the discovery. (D.I. 152)

3. Plaintiff's motions are **denied**. (D.I. 132, 141) There is nothing to compel. Defendants provided Plaintiff the discovery he sought and they will not be compelled to reproduce the same discovery simply because it is no longer in Plaintiff's possession as a result of his reincarceration. Plaintiff's filings indicate that he knows the docket numbers of the discovery he wants. To obtain that discovery he may request the discovery from the Clerk of Court and it will be provided so long as he pays the required fee for copies.

4. **Deposition Transcript**. Plaintiff indicates that he was not permitted an opportunity to review his deposition transcript and moves to strike it. (D.I. 152) Plaintiff's motion to strike his deposition transcript is **denied**. (D.I. 152) If they have not already done so, Defendants shall provide Plaintiff with a complete copy of his deposition transcript on or before June 10, 2021.

5. **Law Library Access**. Plaintiff asks the Court to enter an order for law library access on available and regularly scheduled pro se appointment days. (D.I. 132) Plaintiff states that he spoke to law library personnel but was unable to obtain law library access. The law library advised Plaintiff that to access the law library he needs a court order **or** a signed waiver of counsel that Plaintiff proceeds *pro se* in a criminal case. (*Id.*) The motion is **denied**. (D.I. 132) Nothing indicates that Plaintiff had, or provided to the law library, a court order (typically providing court deadlines) as needed to schedule a law library appointment. Moreover, this is a not a criminal case and therefore, the necessity of a signed waiver of counsel is in applicable to this civil case.

6. **Discovery Deadlines.** Defendants filed a motion for summary judgment on March 26, 2021. (D.I. 142) On March 29, 2021, Plaintiff filed a motion to modify the scheduling discovery order that provided a discovery deadline of February 5, 2021 and a dispositive motion deadline of March 26, 2021. (D.I. 128, 149) Plaintiff seeks the modification to review previously disclosed discovery and to conduct additional written discovery following his review. (D.I. 149) The motion is **granted** to the extent that Plaintiff is given until on or before July 6, 2021 to file an amended response to Defendants' Motion for Summary Judgment should Plaintiff find it necessary after a review of his deposition transcript. (D.I. 149)

3

7. **Request for Counsel**. Plaintiff requests counsel on the grounds that the Court has allowed him to pursue his non-frivolous claims and that the reasons for denial of his first request for counsel are "no longer rational or relevant.". (D.I. 132, 138) Plaintiff contends that the "navigation of pursuing this litigation without the over 1000 pages of previously disclosed documentation is for lack of [a] better term 'very complex.'" (D.I. 138) The requests for counsel (D.I. 132, 138) are **denied** without prejudice to renew for the same reasons as set forth by the Court in its March 25, 2020 Memorandum Opinion and Order. (D.I. 108 109) Notably, the issues are not complex and Plaintiff's filings demonstrate his ability to articulate his claims and represent himself

_____
UNITED STATES DISTRICT JUDGE

4